IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOOGLE, LLC, | : | |
| | : | |
| Petitioner, | : | |
| | : | C.A. No. 21-mc-419-MN |
| v. | : | |
| | : | |
| TERRIER SSC, LLC | : | |
| | : | |
| Respondent. | : | |
| | : | |
| GOOGLE, LLC, | : | |
| | : | |
| Petitioner, | : | |
| | : | C.A. No. 21-mc-440-MN |
| v. | : | |
| | : | |
| BP FUNDING TRUST, | : | |
| | : | |
| Respondent. | : | |

**TERRIER SSC, LLC AND BP FUNDING TRUST'S OMNIBUS[1]
OPPOSITION TO GOOGLE'S MOTIONS TO COMPEL**

---

[1] This same opposition is being filed concurrently in both of the captioned miscellaneous proceedings.

1

## OPPOSITION TO MOTIONS TO COMPEL

**(a)** **Introduction and Summary**

Terrier SSC, LLC and BP Funding Trust (together the "**Terrier / BP Respondents**") are non-party recipients of four subpoenas (one for documents and one for testimony, to both entities; together the "**Terrier / BP Subpoenas**") issued by the U.S. District Court for the Western District of Texas. These subpoenas were served by Google in connection with a group of related patent infringement cases brought against Google in that district by a plaintiff patent owner called WSOU Investments, LLC (the **"Underlying Litigation"** [2]).

Before the Court are motions to compel on the Terrier / BP Subpoenas filed by Google as miscellaneous actions here as the Court where "compliance is required," per Fed R. Civ. P. 45(d)(2)(B)(i). By this filing, the Terrier / BP Respondents hereby oppose Google's motions to compel addressed to them.

However, it should be noted that concurrently with this opposition, the Terrier / BP Respondents, together with the underlying plaintiff WSOU, are also moving to transfer the instant motions to compel to the Western District of Texas per Fed. R. Civ. P. 45(f). As explained more fully in the 45(f) transfer motion,

---

[2] The actions WSOU brought against Google, as per the subpoenas at issue, are W.D. Tex. Nos.: 6:20-cv-571, 6:20-cv-573, 6:20-cv-575, 6:20-cv-576, 6:20-cv-579, 6:20-cv-580, 6:20-cv-583, 6:20-cv-584, and 6:20-cv-585, all of which are pending before Hon. Alan D. Albright, U.S. District Judge.

WSOU has already filed a motion for a protective order in that court in the Underlying Litigation that covers the Terrier / BP Subpoenas. Pietz Decl., **Ex. A** (WSOU's P.O. Mtn). And, as Google is fully aware, that court has already ruled, in similar patent litigation brought by WSOU against Microsoft, that the very same information Google seeks here by third-party subpoena did not need to be produced by WSOU. Id. at pp. 2-3. In other words, the instant subpoena proceedings here appear to be an attempted end-run around a prior unfavorable ruling in the Microsoft/WSOU cases.

Accordingly, the Terrier / BP Respondents request that before turning to the merits of the instant motions to compel, this Court first decide the concurrently-filed 45(f) motion to transfer, or, in the alternative, stay consideration of the motions to compel pending the Western District of Texas' decision on the protective order motion WSOU filed there. Depending on the outcome of those proceedings, reading further may be unnecessary.

**(b)     Relevant Factual and Procedural Background**

        (1)     <u>Proceedings in Western District of Texas</u>

As noted, the Underlying Litigation is a series of patent infringement cases brought by WSOU against Google. WSOU has also sued other defendants in the Western District of Texas, including Microsoft. Both Microsoft and Google sought party discovery from WSOU relating to a "Patent Security Agreement",

3

allegedly covering the patents in suit. As is common, that security agreement was publicly recorded with the U.S.P.T.O. BP Funding was the original party with a security interest in the patents, but that security interest was later assigned by BP Funding to Terrier.

As is set out more fully by WSOU in its protective order motion filed in Texas, WSOU has apparently objected to the production of information related to security agreement on the basis of relevance, burden, proportionality, etc. Specifically, as explained by WSOU,

> This Court [*i.e., W.D. Tex.*] has already denied a motion to compel WSOU to produce the same documents Defendant now seeks to compel from nonparties. In *WSOU Investments LLC vs. Microsoft Corporation*, Civil Action Nos. W-20-cv-454 thru 465, the defendant moved to compel WSOU to produce documents relating to the BP Funding Security Agreement, arguing those documents could be relevant to standing. This Court denied Microsoft's request on September 9 and again on October 7, 2021. The September 9 and October 7 hearings are sealed and are therefore unavailable to the Delaware court where Defendant filed its motions to compel against BP Funding and Terrier. The agreed proposed order submitted by Microsoft and WSOU for the October 7 hearing states in relevant part: "Microsoft's request to compel WSOU to produce the underlying Loan Agreement and full Security Agreement for . . . BP Funding Trust . . . is DENIED." See Exhibit 4. At the September 9 hearing, this Court also denied Microsoft's motion to compel WSOU to produce negotiations between WSOU and Nokia. Defendant's subpoenas against BP Funding and Terrier seek documents "concerning any contemplated acquisition of patents or rights in patents from Nokia." See Exhibit 5 at 13 ¶ 19; Exhibit 6 at 13 ¶19.

Pietz Decl., **Ex. A** (WSOU Texas P.O. Mtn) at p. 2.

A week after Google served the Terrier / BP Funding subpoenas at issue now, counsel for WSOU sent a letter to counsel for Google informing Google that Judge Albright had recently denied Microsoft's motion to compel production of information relating to the same security agreement between WSOU and BP Funding (later assigned to Terrier) at issue again now. Specifically, in a meet and confer letter dated September 15, 2021, counsel for WSOU wrote to Google,

> "At a sealed hearing on September 7, which I attended, Judge Albright denied a request to compel WSOU to produce negotiations leading up to the PPA agreement [between WSOU and Nokia]. He also remarked that the defendant was "wise" to abandon its request to compel WSOU to produce negotiations for licenses. We suggest Google do the same. . . .
> In response to Request No. 5, WSOU refers Google to the publicly available security agreements and releases. Your demand for other correspondence or agreements with BP Funding is overly broad and out of proportion to the needs of the case, particularly given that the security interest was released before litigation. At a sealed hearing on September 7, which I attended, Judge Albright denied a request to compel WSOU to produce non-public documents and agreements relating to security agreements."

Richins Decl. ¶ 4.

    (2)    <u>Google's Efforts to Enforce Terrier / BP Funding Subpoenas</u>

In its motion addressed to BP Funding, Google attaches certain meet and confer emails exchanged between counsel for Google and counsel for BP Funding starting October 1, 2021. D. Del. No. 1:21-mc-440, ECF No. 1-1, at pp. 229-242.

5

Notably, in the initial communications between counsel for Google and counsel for BP Funding (who was also later retained to represent Terrier[3]), there was no mention of the prior exchange between Google and WSOU, wherein WSOU informed Google about Judge Albright's decision in the Microsoft case. *Id.* at pp. 229-238. Rather, that issue was not raised until October 14, 2021, when counsel for WSOU objected to Terrier and BP Funding producing information and notified Google that WSOU would be filing a motion for a protective order. *Id.* at p. 240.

Following WSOU notifying everyone that it was going to seek a protective order and disclosing the prior exchange whereby WSOU had explained to Google that Microsoft's motion to compel the same loan file at issue here had previously been denied by Judge Albright, on October 14, 2021, counsel for BP Funding and Terrier advised that he would have to check with his clients as to "what the plan is", which counsel for Google took to mean that BP Funding and Terrier were "abandon[ing] your previous commitment to produce documents to us tomorrow." *Id.* at p. 242.

On October 19, 2021, Terrier and BP Funding served objections to all four subpoenas to them, and gave notice that they would be opposing the instant

---

[3] *See* D. Del. No. 1:21-mc-440, ECF No. 1-1, at p. 237.

6

motions and also joining with WSOU in Rule 45(f) motion to transfer. Pietz Decl., **Ex. B**.

**(c) Argument: The Motions to Compel Should be Denied Because Google is Burdening Non-Parties with Requests that they Produce Irrelevant Information That Should be Produced, if at All, by the Plaintiff**

Terrier and BP Funding's initial willingness to produce some of what Google was requesting was based on a mistaken assumption that Google had already sought and obtained this information from WSOU in party discovery. When WSOU made it clear that what Google is doing is attempting an end run around Judge Albright's ruling on this same issue in the Microsoft case, and that WSOU was objecting and seeking a protective order, the Terrier / BP Funding Respondents felt compelled to reassess.

(1) Google has Not Adhered to its Duty to Seek Discovery from a Party Prior to Unduly Burdening a Non-Party with a Subpoena

A party serving a subpoena has an affirmative duty to avoid imposing an undue burden on a non-party subpoena recipient. Fed. R. Civ. P. 45(d)(1). Moreover "When an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *citing Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D.Cal.2007). "In general, there is a

preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto*, 282 F.R.D. at 505.

Here, rather than burdening the non-party Terrier / BP Funding Respondents with discovery proceedings on a subpoena in Delaware, what Google should be doing is filing a motion to compel party discovery from WSOU in Texas. *See Soto*, 282 F.R.D. at 505; *Nidec Corp.*, 249 F.R.D. at 577; Fed. R. Civ. P. 45(d)(1).

Accordingly, the Terrier / BP Funding Respondents' undue burden objections are well taken, and Google's motions to compel are without merit and should be denied.

(2) <u>Google Failed to Properly Establish Relevance</u>

Google's moving papers are a bit vague as to why the information it seeks is purportedly relevant to the Underlying Litigation in the first place, which is an issue that merits some closer attention. Google argues that "the documents and testimony sought by Google's subpoenas are relevant to the issue of whether or not the plaintiff in the underlying actions, WSOU, has standing to assert one or more of the patents-in-suit against Google." D. Del. No. 1:21-mc-440, ECF No. 1 at ¶ 6. Google states that "BP Funding Trust held a security interest in the asserted patents in the underlying litigation." *Id.*

But the general rule is that the granting or a security interest or a lien on a patent does not affect a patent owner's standing or right to sue for infringement.

8

*See, e.g., Raffel Systems, LLC v. Man Wah Holdings LTD, Inc.*, E.D. Wisc. No. 18-cv-1765 (June 15, 2020)[4] (collecting cases holding that granting of a security interest in a patent does not convey title to the patent, so the plaintiff still had standing to sue).

Here, Google already has the security interest documentation publicly recorded with the USPTO and Google acknowledges that the security interest has already been released. *See id.* (citing to PTO Assignment records and stating "This security interest was not released on most of the patents-in-suit until June 3, 2021.") What Google notably has not done here is provide any evidence, or even point to an allegation, that anything related to the routine security interest it is focused in upon would somehow lead to admissible evidence that would undermine WSOU's standing to sue. Google does not claim there was ever a default and foreclosure under any security agreements, or otherwise point to any theory by which ownership of the title to the patents was divested from WSOU. Presumably, these are the issues Judge Albright considered when he sent Microsoft's previous fishing expedition through these waters back to the harbor.

---

[4] Available here:
https://scholar.google.com/scholar_case?case=10152340641702763790&q=Raffel+Systems,+LLC+v.+Man+Wah+Holdings+LTD,+Inc.&hl=en&as_sdt=2006

Accordingly, the Terrier / BP Funding Respondents' relevance objections are well taken, and Google's motions to compel are without merit and should be denied.

        (3)      <u>The Subpoenas at Issue are Vague and Way Overbroad</u>

The subpoena topics and document requests (which are largely repetitive of each other) at issue here are replete with nebulous and broadly-defined terms and they reference all kinds of different third parties that the Terrier / BP Funding Respondents have nothing to do with. The 'ask for everything and the kitchen sink' approach may be somewhat more appropriate, or at least more commonly tolerated, in party discovery, where the parties have a financial interest in going back and forth and narrowing the issues. But it is not an appropriate approach to third party subpoena practice, especially where the party moving to compel responses on its broad requests demands to do so on an expedited basis.

For example, one of Google's topics for deposition is "The subject matter of all requests for production in the concurrently served document subpoena." D. Del. No. 1:21-mc-440, ECF No. 1-1 at p. 32. There are 27 requests for production in the document subpoena, which ask for broad, vague categories of things like "Documents concerning any evaluation or analysis of any asserted patent, any related patent, or any related application, whether individually or in combination with any other patents or applications, including any evaluation or analysis of

infringement, validity, or commercialization." *Id*. at p. 18.  And each of those terms "asserted patents" "related patent" and "related application" are all nebulously defined terms.  *See id.* at p. 9.  Similarly, the subpoena asks not just for information about Google's own cases, but also information about cases with a long list of "Other WSOU Defendants".  *Id.* at pp. 12, 16, 18.

Accordingly, the Terrier / BP Funding Respondent's objections that the subpoenas are vague and overbroad are also well taken, and Google's motions to compel are without merit and should be denied.

(4) <u>Information Sought is Confidential, Commercially Sensitive, and Any  Communications with Counsel are Privileged</u>

Google's motions say it can seek privileged documents, yet Terrier / BP Funding Respondents have privileged communications concerning the financing provided to WSOU to which Google is not entitled.  Terrier / BP Funding Respondents raised valid objections on the grounds the requests sought confidential and commercially sensitive information, and that any responsive communications with counsel are privileged.  These objections are also well taken, in view of the valuable nature of the patents at issue, and the reality that counsel typically advise about secured transactions of the sort that Google is trying to go snooping into.

11

>  (5) There are "Unusual Circumstances" Here and "Good Cause" has been Shown Sufficient to Provide Relief from Any Waiver of Objections

Although it is true that failure to timely serve objections normally waives the right to object, "unusual circumstances" and "good cause" both justify relief from any such waiver. "'[T]he failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown.'" *Bell Inc. v. GE Lighting, LLC*, No. 6:14-cv-00012, 2014 WL 1630754, at *9 (W.D. Va. Apr. 23, 2014) (*quoting Leader Techns., Inc. v. Facebook, Inc.*, No. 1080028MISCJWHRL, 2010 WL 761296, at *2 (N.D. Cal. Mar. 2, 2010)). "Unusual circumstances warranting consideration of objections have included those 'where counsel for the nonparty and for the subpoenaing party were in contact with respect to the nonparty's compliance prior to the time the nonparty challenged the subpoena.'" *Id*. (quoting *Leader*, 2010 WL 761296, at *2). Courts have also found such unusual circumstances where (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery or (2) the subpoenaed witness is a non-party acting in good faith. *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (collecting cases).

Here, there is "good cause" because the subpoena is "overbroad on its face and exceeds the bounds of fair discovery" and "the subpoenaed witness is a non-

party acting in good faith." *See, e.g., Concord Boat* 169 F.R.D. at 48. And there are also "unusual circumstances" because counsel for the subpoenaed parties was in contact prior to serving the objections or filing this opposition. *See, e.g., Leader* 2010 WL 761296, at *2. Further, the fact that Google did not volunteer the fact that it was aware that discovery similar to what it seeks here from non-party subpoena recipients had recently been denied by the judge in a similar case also involving the same plaintiff, also presents "unusual circumstances" and "good cause" for relief from waiver.

**(d)     Conclusion**

Accordingly, for the foregoing reasons the Terrier / BP Respondents respectfully request that: (1) this Court first address the concurrently filed Rule 45(f) motion to transfer; (2) in the alternative, that the Court stay its ruling on this motion until the Texas protective order is decided; or (3) if and when the merits of this motion are reached, that the Court deny Google's instant motions to compel.

| | |
|---|---|
| Date: October 21, 2021 | */s/ Sean J. Bellew* |
| | Sean J. Bellew (#4072) |
| OF COUNSEL | Bellew LLC |
| | 2961 Centerville Road, Suite 302 |
| Morgan E. Pietz* | Wilmington, Delaware 19808 |
| Pietz & Shahriari, LLP | Telephone: (302) 353-4951 |
| 9454 Wilshire Blvd., Suite 310 | sjbellew@bellewllc.com |
| Beverly Hills, CA 90212 | |
| Telephone: 310-424-5557 | *Attorneys for BP Funding Trust and* |
| e-mail: morgan@pstrials.com | *Terrier SSC, LLC* |

Robe1t M. Millimet*
STANTON LLP
Comerica Bank Tower
1717 Main Street, Suite 3800
Dallas, TX 75201
Telephone: 972-233-2300
e-mail: rob@stantonllp.com

**Pro Hac Vice* application approved by Court 10/20/21