IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOOGLE, LLC,<br><br>Petitioner,<br><br>v.<br><br>TERRIER SSC, LLC<br><br>Respondent. | : | C.A. No. 21-mc-419-MN |
| GOOGLE, LLC,<br><br>Petitioner,<br><br>v.<br><br>BP FUNDING TRUST,<br><br>Respondent. | : | C.A. No. 21-mc-440-MN |

**OMNIBUS REPLY[1] IN SUPPORT OF MOTION TO TRANSFER PURSUANT TO RULE 45(f)**

## INTRODUCTION

In arguing against Rule 45(f) transfer of its motions to compel compliance with overbroad and unduly burdensome third-party subpoenas, Google[2] materially mischaracterizes the facts, turns the burden analysis on its head, and ignores all of the factors favoring transfer. Here, the subpoenaed parties' consent to – indeed, joined in – the motion to transfer. Little more need be considered. Accordingly, Google's motions to compel should be transferred back to the issuing court – the WDTX – so that Judge Albright can decide the questions of relevance, burden,

[1] This same reply brief is being filed concurrently in both of the captioned miscellaneous proceedings.
[2] Capitalized terms have the same meaning as set forth in the Motion to Transfer.

proportionality, waiver, etc. raised by those motions in a manner that is consistent with his prior rulings in similar WSOU litigation pending in the WDTX and also not affect the case management deadlines in those matters.

**(a) Google's Main Argument About Why Delaware Purportedly Has an Interest in this Dispute is Based on Factual Smoke and Mirrors**

The heart of Google's argument about why its motions to compel should be decided in Delaware, rather than in Texas, is that this Court has "a strong interest" in "ensuring that agreements ***including*** Delaware counsel remain enforceable." D. Del. No. ECF No. 1:21-mc-00419-MN, ECF No. 14, 10/22/21 ("**Google Br.**") at p. 1 (emphasis added). While it may be generally true that this Court has an interest in enforcing agreements *between* Delaware counsel, that is not, by any stretch of the imagination, what occurred here.

According to Google's imaginative retelling of events, after BP Funding retained Texas counsel who then reached out to Google to discuss its subpoenas,

> BP Funding Trust and Google met and conferred, acknowledging this Court's enforcement power and including Delaware counsel, and executed a written agreement for BP Funding Trust to produce, by Friday, October 15, specific documents responsive to Google's subpoenas and relevant to the security interest in WSOU's patents held first by BP Funding Trust and then by Terrier. See Case No. 21-0440, D.I. 1, Exs. 7-10. . . .
>
> [] BP Funding Trust reneged on its agreement with Google, negotiated by Delaware lawyers under this Court's enforcement power, and refused to produce any documents. Case No. 21-0440, D.I. 1, Ex. 12. Google Br. at pp. 2-3.

Almost none of what Google states in the foregoing passage is supported by the evidence it cites to, or by any other evidence.

First, and most importantly given the thrust of Google's main argument against transfer, the alleged agreement in question was not "negotiated by Delaware lawyers." All negotiations related to the BP Funding and Terrier subpoenas were conducted by Jennifer Kash, who is barred

in California and represents Google in the underlying *Texas* litigations,[3] and by Robert Millimet, who is barred in Texas,[4] for BP Funding (and later for Terrier). *See* D. Del. No. 21-440, ECF No. 1-1 at pp. 231-37. Delaware has no interest in enforcing an alleged agreement between a ***Texas*** attorney and a ***California*** attorney representing their clients in ***Texas***. Rather, the superior interest of the WDTX in resolving the dispute concerning the alleged agreement involving *Texas and California* attorneys and *Texas* litigation confirms that this dispute should be transferred to Texas.

Indeed, BP Funding (and later Terrier) did not even have Delaware counsel at the time that the alleged agreement between BP Funding and Google was purportedly "negotiated by Delaware lawyers." Google's assertion that there was such an agreement between Google and BP Funding is based on certain emails (which Google incorrectly argues amount to an "executed" "written agreement") memorializing the meet and confer call between Ms. Kash and Mr. Millimet. The meet and confer call itself was on October 5, 2021. *See* D. Del. No. 21-440, ECF No. 1-1 at p. 231 (email dated October 5, 2021, from Ms. Kash to Mr. Millimet: "Thank you for your time today and for participating in what was a productive meet and confer call . . .") And then the emails between Ms. Kash and Mr. Millimet memorializing what was discussed and agreed on the call were exchanged between October 5, 2021 (*id.* at 321, Ex. 7) and October 13, 2021 (*id.* at 237, Ex. 10). However, ***BP Funding and Terrier did not retain Delaware counsel until October 19, 2021***, which was after WSOU objected to Google's subpoenas by email on October 14, 2021 (*id*. at p. 240, Ex. 11), and after Google filed its motion to compel against BP Funding the next day because BP Funding purportedly "reneged" on its alleged agreement with Google (*see id*. at ECF No.1 at p. 1). D. Del. No. 21-cv-419, ECF NO. 13-2 (BP Funding and Terrier's written objections to

[3] D. Del. No. 1:21-mc-419-MN, ECF No. 3 (Ms. Kash pro hac vice application) at p. 3.
[4] D. Del. No. 1:21-mc-419-MN, ECF No. 9 (Mr. Millimet pro hac vice application) at p. 2.

subpoenas, served October 19, 2021, including Delaware counsel Sean Bellew as a signatory). Put simply, the mere fact that Google's local counsel in Delaware was on the meet and confer call, and courtesy copied on the emails exchanged, between Ms. Kash and Mr. Millimet does not give Delaware a special interest in resolving a dispute about an alleged agreement between Texas and California attorneys in connection with litigation pending in Texas.

Second, Google renounced the alleged agreement between itself and BP Funding by filing its motions to compel. Google does not seek to enforce its alleged agreement with BP Funding, but rather seeks to enforce its subpoenas in their entirety. The alleged agreement sought to narrow Google's plainly overbroad document demands down from 27 nebulous categories set forth in the document subpoena to only six categories of information recited in the email exchange. D. Del. No. 21-440, ECF No. 1-1 at p. 231. In the motions to compel, however, Google treats its alleged agreement with BP Funding as "reneged" and seeks to compel all the information sought by its subpoenas. The Court should not allow Google to rely on an alleged agreement it has renounced as grounds to oppose transfer of its motions to compel – especially in light of BP Funding and Terrier consenting to the transfer.

Third, nothing in the email exchanges Google cites to "acknowledg[ed] this Court's enforcement power." *See id*. at pp. 231-37. The emails say nothing at all about Delaware or this Court. *Id*. Rather, in the email Google's counsel sent after the meet and confer call, she attached a copy of Judge Albright's protective order "so that BP can designate its documents with its desired level of confidentiality." *See id*. at p. 231. In addition, the email exchanges specifically state: "although our discussions have sought to avoid the need to present arguments to the Court [which was never defined], should that need arise, neither Google nor BP Funding Trust has waived any arguments through our discussions and agreements." *See* D. Del. No. 21-440, ECF No. 1-1 at p.

235. Thus, Google cannot credibly contend that BP Funding (much less Terrier) supposedly "acknowledg[ed] this Court's enforcement power."

In short, Google's main argument as to why its motions to compel should not be transferred to the WDTX is erroneously premised on material misrepresentations of the factual record. Delaware lacks a superior interest in this dispute because the alleged agreement between BP Funding and Google was not "negotiated by Delaware lawyers" and, in any event, Google is not seeking to enforce that agreement but its subpoenas in their entirety. Moreover, BP Funding and Terrier never "acknowledg[ed] this Court's enforcement power." Accordingly, the Court should grant the motion to transfer to the WDTX.

**(b) Google's Argument on Burden Associated with Transfer Misreads the Rule**

Beyond the purported importance of enforcing an alleged agreement "including" Delaware counsel, Google's only other substantive argument against transfer amounts to turning the Rule 45(f) burden analysis upside down. Google argues as follows:

> In deciding whether to grant a motion to transfer under Rule 45(f), the "Court's primary consideration is to avoid 'burdens on local nonparties subject to subpoenas.'" *Bestwall*, 2021 WL 2209884, at *5 (citing Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 amendments)). Keeping this case before this Court would cause no burden to either BP Funding Trust or Terrier—a point on which BP Funding Trust and Terrier agree. Tellingly, neither respondent asserts any burden that would result from non-transfer. See generally, Case No. 21-440, D.I. 10.

Google Br. at p. 10.

Although BP Funding and Terrier are organized under Delaware law, they have no physical presence in Delaware. Further, Mr. Millimet, the attorney BP Funding and Terrier first engaged to respond to Google's subpoenas given their relationship to the WDTX, is based in Dallas, Texas.[5]

[5] D. Del. No. 1:21-mc-419-MN, ECF No. 9 (Mr. Millimet pro hac vice application) at p. 2.

Thus, BP Funding and Terrier were required to retain additional Delaware counsel to respond to the motions to compel. Accordingly, litigating Google's motions to compel in Delaware is not particularly convenient for them.

Moreover, the point of the 2013 amendments to Rule 45 was to make things more convenient for subpoenaed parties by preventing them from being hailed into far-away courts in connection with litigation in which they have no stake. Thus, there is no requirement under Rule 45, or otherwise, that a subpoenaed party articulate why "non-transfer" of a subpoena-related motion would constitute a "burden" to it. The question that is actually relevant under the Rule is whether the subpoenaed party "consents" to the transfer. Fed. R. Civ. P. 45(f).[6] And, if not, then "exceptional circumstances" need to be shown to justify transfer. *Id.* But where, as here, the subpoenaed party consents to the transfer, the Court "may" transfer the matter – without the need for any further showing.

Accordingly, since the focus of Rule 45(f) is on the convenience of the third parties rather than the underlying litigants, the burden falls on Google to justify its insistence on proceeding with its motions to compel in Delaware. Google, however, has failed to satisfy its burden to show it would suffer from litigating its motions to compel in the WDTX where it is already a very active defendant. The obvious reason Google opposes transfer to the WDTX is blatant forum shopping – to avoid adverse rulings concerning the *same* information Google now seeks to compel from BP

[6] "(f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena***, it may transfer a motion*** under this rule to the issuing court ***if the person subject to the subpoena consents*** **or** ***if the court finds exceptional circumstances***. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made." (Emphasis added).

Funding and Terrier that were already made by Judge Albright in related WSOU litigation pending in the WDTX. This Court should not permit such blatant forum shopping.

Finally, the Google subpoenas are not the only subpoenas that BP Funding and Terrier have received related to WSOU litigation pending in the WDTX. Both Dell and ZTE have served similar (if not identical) subpoenas on them. Thus, to avoid undue burden, BP Funding and Terrier consented to the motion to transfer to ensure that all disputes related to subpoenas concerning WSOU litigation pending in the WDTX are resolved by Judge Albright, who is presiding over all the WSOU litigation pending in Texas.

**(c) Google does not dispute that the "exceptional circumstances" factors favor transfer.**

In opposing transfer, Google fails to address any of the "exceptional circumstances" factors favoring transfer. Google Br. at 10-11. While unnecessary given that BP Funding and Terrier *seek* transfer, those factors heavily favor transfer.

As explained in the motion to transfer, judicial economy favors transfer because the WDTX has already ruled on – and denied – requests to compel the *same* information that Google now seeks to compel from BP Funding and Terrier. Thus, any ruling by this Court enforcing Google's subpoenas would conflict with the rulings made by Judge Albright in related underlying WSOU litigation. And, Google knows this, which is why it opposes transfer and urges this Court to ***ignore*** those rulings because they are currently under seal. *Id.* at 6. But the fact that those rulings are currently under seal is not a reason for this Court to *deny* transfer or ignore the undisputed fact that the WDTX has already ruled on this very issue. Rather, it heightens the need for transfer to avoid inconsistent rulings and imposing an undue burden on BP Funding and Terrier.

Rulings by this Court on Google's motions to compel could also impact case management deadlines in the WDTX. Absent transfer, this Court may improperly impact Judge Albright's ability to control his own docket of numerous underlying WSOU litigations.

**(d) The Court Should Not Reward Google's Gamesmanship**

Finally, this Court should not reward Google's gamesmanship. Google cannot plead ignorance of Judge Albright's rulings in related underlying WSOU litigation. WSOU informed Google of those rulings on September 15, 2021. *See* Richins Decl. ¶ 4.[7] That was mere days after Google issued its subpoenas to BP Funding and Terrier, and well before the time for BP Funding and Terrier to respond to the subpoenas and when Google filed its motions to compel in this Court. *See* D. Del. No. 1:21-mc-419-MN, ECF No. 1, Ex. 1. Further, Google is fully aware of Judge Albright's rulings because they claim to have a joint defense privilege in connection with their respective litigations with WSOU.[8] Despite this, Google attempted to induce BP Funding and Terrier into agreeing to produce the same information improperly sought by Microsoft from WSOU *without* disclosing to them that it knew such discovery was not permitted by Judge Albright. Google does not deny that it made no mention of the Microsoft ruling when it attempted to induce BP Funding into their alleged agreement.

Additionally, Google not only attempted an end-run around Judge Albright's rulings, but manufactured a false emergency in this Court to do so. Google sought to have its motions to compel heard on an expedited basis because the fact discovery deadline was set to close on October 22, 2021. Google, however, failed to mention that the deadline was likely to be extended and that

---

[7] The Richins Declaration is attached to Movant's motion to transfer.

[8] This fact is stated in the motion to transfer. In its response, Google does not deny it is claiming a joint defense privilege with Microsoft. Google has not disclosed what communications it had with Microsoft concerning BP Funding and Terrier.

Google and WSOU were already discussing an extension. At the urging of WSOU, Google notified this Court of the extension – but did so only after BP Funding and Terrier were forced to respond on an expedited basis to Google's motions to compel.

For all the foregoing reasons, the Court should grant the motion to transfer to the WDTX.

Date: October 29, 2021

Of Counsel:
Morgan E. Pietz
Pietz & Shahriari, LLP
9454 Wilshire Blvd., Suite 310
Beverly Hills, CA 90212

Robert M. Millimet
Stanton, LLP
1717 Main Street, Suite 3800
Dallas, TX 75201

*/s/ Sean J. Bellew*
Sean J. Bellew (#4072)
Bellew LLC
2961 Centerville Road, Suite 302
Wilmington, Delaware 19808
Telephone: (302) 353-4951
sjbellew@bellewllc.com

*Attorneys for BP Funding Trust and Terrier SSC, LLC*

*/s/ David A. Felice*
David A. Felice (#4090)
Bailey & Glasser, LLP
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, Delaware 19808
Telephone: (302) 504-6333
dfelice@baileyglasser.com

*Attorneys for WSOU Investments, LLC d/b/a Brazos Licensing and Development*